1

**DAN FARRAR**
Attorney at Law

2
SBN 155217
P.O. Box 3382

3
Turlock CA 95381-3382
Telephone (209)634-5500

4
Facsimile (209)634-5556

5
Attorney for Defendant
County of Stanislaus

6
(including the Stanislaus County
Sheriff's Department)

7

8

## IN THE UNITED STATES DISTRICT COURT

9

### EASTERN DISTRICT OF CALIFORNIA

10

11
Paula Tillman, Lee Tillman and Jamani )    No.
Prince, by and through her Guardian ad )

12
Litem, Paula Tillman, )
              Plaintiff, )    Notice of Removal of Action

13
   v. )    Under 28 U.s.c. § 1441(b) (Federal
)    Question)

14
County of Stanislaus, et al, )
)

15
              Defendants. )    [Stanislaus County Superior Court Case
)    No. 2022789]

16

17
    TO CLERK OF THE ABOVE ENTITLED COURT:

18
PLEASE TAKE NOTICE THAT Defendant County of Stanislaus (including the Stanislaus

19

20
County Sheriff's Department) removes to this Court the state court action described below:

21
1. On December 2, 2016, a complaint was filed in the Stanislaus County Superior Court,

22
entitled *Tillman, et al v. County of Stanislaus, et al*, case number, 2022789, a copy of which is

23
attached as Exhibit A.

24
2. The County of Stanislaus (including the Stanislaus County Sheriff's Department) was served

25
with the complaint on May 24, 2018.

26
3. Defendant Darwin Hatfield is a peace officer employed by the Stanislaus County Sheriff's

27
Office. As of the date of this notice, he has not been served with the summons and complaint.

28
This was confirmed with plaintiffs' counsel on June 21, 2018. Once served, he will be

represented in this action by Dan Farrar.

Notice of Removal of Action                                                   1

1    4. Defendant Michael Martha was a peace officer employed by the Stanislaus County Sheriff's

2    Office until mid-2016.  Marsha has not been served with the summons and complaint.  This was

3    confirmed with plaintiffs' counsel on June 21, 2018.  Once served, he will probably be

4    represented in this action by Dan Farrar.

5    5. The complaint contains 17 "causes of action" stemming from interaction between the plaintiffs

6    and the individual defendants, acting in their capacity as peace officers.   Seven of the causes of

7    action assert Constitutional claims under 42 U.S.C. § 1983.

8    6.      This is a civil action of which this Court has original jurisdiction under 28 U.S.C. §

9    1331, and is one which may be removed to this Court by Defendant pursuant to the provisions of

10   28 U.S.C. § 1441(b) in that it arises under 42 U.S.C. § 1983.  Venue is proper in the Eastern

11   District of California under 28 U.S.C. § 1391 because the incidents at issue occurred in Stanislaus

12   County, California.

13   7.      The Notice of Removal filed in State Court is attached hereto as Exhibit B.

14

15

16   Dated: June 21, 2018                    /s/ Dan Farrar
                                             Dan Farrar
17                                           Attorney for Defendant County of Stanislaus
                                             (including the Stanislaus County Sheriff's
18                                           Department)

19

20

21

22

23

24

25

26

27

28

Notice of Removal of Action                                                                        2

Exhibit A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY |
|---|---|
| | (SOLO PARA USO DE LA CORTE) |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
County of Stanislaus, Stanislaus County Sheriff's Department, Darwin Hatfield in his official and individual capacity, Michael Martha in his official and individual capacity, and Does 1 to 100 inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Paula Tillman, Lee Tillman, and Jahani Prince, by and through her guardian ad litem, Paula Tillman

FILED

2016 DEC 14 P 3: 52

DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: (Número del Caso): |
|---|---|
| (El nombre y dirección de la corte es): | **2022789-** |

Superior Court STATE OF CALIFORNIA County of Stanislaus
801 Tenth Street, 4th Floor
Modesto, CA 95354

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kathleen Crist, Esq.          Attorney at Law
2601 Oakdale Rd., Suite H2, #110     209-681-1071
Modesto, CA 95355

| DATE: **DEC 14 2016** | Clerk, by | , Deputy |
|---|---|---|
| (Fecha) | (Secretario) ERIN BARNETT | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify):
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☒ other (specify): public entity
4. ☒ by personal delivery on (date): 5/24/18

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

Martin Dean's
ESSENTIAL FORMS

SUMMONS

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Tillman v. County of Stanislaus

BOARD OF SUPERVISORS **FILED**

2018 MAY 24  P  3: 20 16  DEC -2  P  2: 02

CLERK OF THE SUPERIOR COURT
COUNTY OF STANISLAUS
BY
**LAURA URIBE**  DEPUTY

1  Kathleen Crist, Esq.  SB #146197
2  Attorney at Law
   2601 Oakdale Rd., Suite H2, #110
3  Modesto, CA 95355
   (209) 681-1071
4

5  Attorney for Plaintiffs,
   PAULA TILLMAN, LEE TILLMAN and JAMANI
6  PRINCE, by and through her GUARDIAN AD
   LITEM, PAULA TILLMAN,
7

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

                      COUNTY OF STANISLAUS
10

11 PAULA TILLMAN, LEE TILLMAN and JAMANI )   Case No.   **2 0 2 2 7 8 9 -**
   PRINCE, by and through her GUARDIAN AD  )
12 LITEM, PAULA TILLMAN,                   )   COMPLAINT FOR DAMAGES AND
                                           )   REQUEST FOR JURY TRIAL – UNLIMITED
13                                         )   JURISDICTION
                                           )
14         Plaintiffs,                     )   1. 42 U.S.C. Sec. 1983 - Civil Rights
                                           )      Violations
15     vs.                                 )   2. 42 U.S.C. Sec. 1983 - Unlawful Customs,
                                           )      Policies, Habits or Procedures
16 COUNTY OF STANISLAUS, STANISLAUS        )   3. 42 USC Sec. 1985 - Conspiracy
   COUNTY SHERIFF'S DEPARTMENT, DARWIN     )   4. California Constitution, Article I, Sec. 13
17 HATFIELD, in his official and individual )  5. California Civil Code Sec. 52.1 - State
   capacity, MICHAEL MARTHA, in his official )     Civil Rights Violations
18                                         )   6. Assault
   and individual capacity, and DOES 1 to 100, )  7. Battery
19 INCLUSIVE,                              )   8. Negligence
                                           )   9. False Arrest - 42 USC Sec. 1983 and 4th
20                                         )      Amendment
         Defendants.                       )   10. False Imprisonment  42 USC Sec 1983
21                                         )       and 4th Amendment
                                           )   11. Intentional Infliction of Emotional
22                                         )       Distress
                                           )   12. Negligent Infliction of Emotional
23                                         )       Distress
                                           )   13. Negligent Hiring/Supervision/ Retention -
24                                         )       42 USC Sec. 1983, 1985, 1988
                                           )   14. Abuse of Process 42 USC Sec. 1983 and
25                                         )       1985 and 4th Amendment
                                           )   15. Retaliation
26                                         )   16. Discrimination Based on Race
                                           )   17. Respondeat Superior
27

28                                                                              1

This case has been assigned to Judge  WILLIAM A. MAYHEW
Department 21  for all purposes including Trial.

**PARTIES**

COMES NOW PLAINTIFFS PAULA TILLMAN, LEE TILLMAN, and JAMANI PRINCE, by and through her GUARDIAN AD LITEM, PAULA TILLMAN, who allege as follows:

1.   Plaintiff PAULA TILLMAN is an individual, who, at all times relevant to this complaint, was a resident of Stanislaus County, California and also the mother of JAMANI PRINCE.

2.   Plaintiff LEE TILLMAN is an individual, who, at all times relevant to this complaint, was a resident of Stanislaus County, California.

3.   Plaintiff, JAMANI PRINCE (hereinafter referred to as "JAMANI") is a minor, who brings this action through her mother and guardian ad litem, PAULA TILLMAN.  Plaintiff JAMANI, at all times relevant to this complaint, was a resident of Stanislaus County, California.

4.   Defendant COUNTY OF STANISLAUS, (Stanislaus County Sheriff's Department Riverbank Police Services), is a public entity in Stanislaus County, California.

5.   Plaintiffs are informed and believe that Defendant Stanislaus County Sheriff's Department hereinafter "SCSD") is a subdivision of Defendant COUNTY OF STANISLAUS, and that, for purposes of this complaint are one in the same entity.

6.   Defendant, DARWIN HATFIELD is, at all times relevant to this complaint, a deputy with the Stanislaus County Sheriff's Department in Riverbank, employed by same, and is a resident of the County of Stanislaus.  Defendant, MICHAEL MARTHA is, at all times relevant to this complaint, a deputy with the Stanislaus County Sheriff's Department, and employed by same.

7.   The true names and capacities of Defendants sued herein as DOES 1-100, INCLUSIVE, are unknown to Plaintiffs at this time; Plaintiffs therefore sue such Defendants by such fictitious

2

names; Plaintiffs allege that said Defendants are legally responsible for the damages claimed herein and legally responsible for the damages claimed herein and Plaintiffs will amend this complaint when the true names and capacities of said Defendants are ascertained.

8. Plaintiffs duly filed a Government Claim against Defendants, COUNTY OF STANISLAUS, DEPUTY HATFIELD, AND DEPUTY MARTHA, on May 10, 2016, and said claim was rejected by said Defendants by letter mailed June 3, 2016.

9. Plaintiffs are informed, and believe, and thereon allege that each Defendant was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in so doing the things alleged herein, were acting within the course and scope of that relationship. Plaintiffs are further informed, believe, and thereon allege that each Defendant herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise specifically alleged. Plaintiffs further allege that at all material, applicable times, each Defendant was engaged in separate tortious activity, resulting in the deprivation of Plaintiffs' Constitutional rights, and other harm. At all material times each defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California.

10.     The acts and omissions of Defendant Public Entities and their employees and agents, as set forth herein, were at all material times pursuant to the actual customs, policies, practices, and/or procedures of said Public Entities.

11.     At all material times, each Public Entity Defendant, and Defendants, Deputy HATFIELD and Deputy MARTHA,  and DOES 1 to 100, acted under color of the laws, statutes, ordinances, and regulations of the State of California, and conspired amongst themselves to falsely accuse plaintiff Paula Tillman of interfering with an investigation, to assault and batter plaintiffs Paula Tillman and Jamani Prince, wrongfully pursue an unjustifiable arrest and booking of Paula Tillman without probable cause, causing all plaintiffs severe emotional

distress, and Cause physical injury to plaintiff Paula Tillman's person and deprive plaintiff Paula
Tillman of medical treatment.

12.  At all material times and, alternatively, the actions and omissions of each defendant
were negligent, and/or intentional, and/or wanton, and/or willful, and/or reckless, and/or
callous, and/or malicious, and/or deliberately indifferent to Plaintiffs' rights.

GENERAL ALLEGATIONS

**PAULA TILLMAN**

13.  On November 10, 2015 at approximately at 5 PM plaintiff, Paula Tillman, witnessed
a car accident in the front of her residence located on the corner of Crawford and Antique Rose
Way in Riverbank California. The woman in the silver Jeep involved in the accident called the
sheriff and stated that she would be leaving, and she let the sheriff know her side of the story
so there shouldn't be any problem when they arrived.

14.  The sheriff (Deputy HATFIELD), Defendant DARWIN HATFIELD, arrived at
approximately 5:30 PM. Deputy HATFIELD began taking statements from people. Plaintiff, Paula
Tillman, waited approximately 15 minutes after he had arrived, and went over to deputy
HATFIELD, identified herself as Paula Tillman, and proceeded to let him know she was a witness,
but that she needed to pick up her daughter from school. HATFIELD then stated, "Who cares?"
Paula Tillman replied, "that was extremely rude." At that point HATFIELD told Paula Tillman to
move away and stand approximately 4 feet away and "don't move."

15.  Paula Tillman stepped away as he directed, and asked her 14-year-old daughter,
Jamani Prince, to cross the street and retrieve her purse and lock her car door so that she could
call her son to go and pick up her other daughter by 6 PM.  It was dark outside so Paula Tillman
proceeded to stand in front of one of the vehicles which was closest to the curb that was part
of the accident so she could see her daughter crossing the street in the dark, because she had
seen a few young men walk by and wanted to make sure her daughter, Jamani Prince, crossed

4

safely.  At that time the Deputy HATFIELD asked Paula Tillman to walk back to the curb. Paula Tillman explained to Deputy HATFIELD that she would be walking back to the curb as soon as her daughter crossed the street because it was so dark.  (Deputy HATFIELD did not restrict the location of any of the other people involved in the accident or any other witnesses. The woman and young man involved in the accident were allowed to walk around freely, going back and forth to their car.  Paula Tillman's husband, and her daughter, Jamani Prince, who also witnessed the accident were also allowed to roam around freely.)

16. At that point Deputy HATFIELD ran over to Paula Tillman roughly grabbing and twisting her arms, and putting her in handcuffs.  As he was doing this Paula Tillman let him know that he was hurting her, that she was disabled, and that she had recently been involved in a hit-and-run accident where her vehicle was struck by a drunk driver who had consumed four beers, and she had suffered injuries. He replied, "Who gives a shit? You're going to jail!"

17. Deputy HATFIELD then proceeded to stuff Paula Tillman in the rear of his vehicle, which she could not fit in due to the size of the backseat and the bigness of her body. She asked him if he could call for a sergeant on duty. Deputy HATFIELD proceeded to hock a loogie right next to her feet and some of his saliva hit the side of her face. She became very upset asking him what right did he have to spit on her. She explained to him that she was experiencing chest pains and had a very bad headache, that her neck, back and pinky finger were hurting severely, and that she wanted to see paramedics.  Deputy HATFIELD walked over and told her the paramedics would be here, asked plaintiff her name, told her again she would be going to jail, and then proceeded to walk off.

18. Paula Tillman continued hurting and then Oak Valley paramedics arrived. They checked her blood pressure and heart rate which they stated was very high, around 190/100, and proceeded to ask Deputy HATFIELD what did he want them to do with Paula Tillman. Deputy HATFIELD replied, "Nothing," that she will be transported to the Hackett jail and they had nurses there who would take over. So Paula Tillman remained in the car until they arrived

5

at the Riverbank Sheriff's Department. Paula Tillman told the officer who transported her to the Riverbank Sheriff's Department, that she did not feel safe going into the sheriff's department, and that she feared for her life. The officer told her to remain in the car, that it was change of shift, and that a new officer will be transporting her to Hackett jail (known as the Safety Center). A different deputy, Deputy MARTHA, got into the vehicle, and Paula Tillman asked him to speak to the sergeant so she can give her statement for the accident as well as what had just happened with her. Deputy MARTHA told her "no more talking," and that she could file a complaint when she got to Hackett Road. She asked him his name, but he refused to give it to her. Plaintiff is informed and believes that the deputy who transported her is defendant MICHAEL MARTHA, Deputy Sheriff.

19. Deputy MARTHA proceeded to drive recklessly swinging Paula Tillman from one side of the vehicle to the other. She asked him to stop driving like this, but he continued. When they arrived at Hackett Road (Safety Center), the nurse came in and took plaintiff's blood pressure and heart rate, spoke to her and plaintiff believes also the sergeant on duty at the time, then she returned saying that the sergeant asked them to take plaintiff back to Riverbank and release her from there due to her blood pressure being high. She also commented that this was a citable offense. Defendant, Deputy MARTHA who drove her there to the Safety Center became very upset. Plaintiff believes MARTHA attempted to contact Deputy HATFIELD before she and Deputy MARTHA left the parking lot at Hackett, but was unable to reach him. Plaintiff and Deputy MARTHA left to return to Riverbank with defendant MARTHA again driving at an extremely high rate of speed, and slamming on his brakes at stops, causing Paula Tillman to strike her body on various different parts of the interior of the vehicle. Plaintiff asked for his name again, but he refused to provide Paula Tillman his name.

20. Right before Plaintiff arrived at the Riverbank Sheriff's Department, Deputy MARTHA called and spoke to Deputy Darwin HATFIELD and informed him what the officer at Hackett had said, and what the sergeant in Riverbank had said to do. Paula Tillman could hear defendant HATFIELD yelling on the other line telling the deputy driving plaintiff, not to take her

6

to the Riverbank Sheriff's Office, instead take her to Doctors Medical facility and get her
evaluated, and then "take her butt back to the Safety Center for booking." The officer driving
Paula Tillman, Deputy MARTHA, then hung up with HATFIELD and said, "this is really a waste of
my time," and told Paula Tillman to sit back and be quiet, because she was getting on his
nerves. Plaintiff told defendant MARTHA she was not trying to get on his nerves. He
repeatedly told her, "well, it's already over, you're going to jail." Plaintiff explained to him that
all she did was witness an accident and she was just waiting to give her statement, and he
replied, "that's too bad, I'm just following orders."

21. Paula Tillman was taken to Doctor's Medical Center and she explained to the
physician on duty everything that was happening and told him where all her pain was. She
heard the doctor tell the officer, Deputy MARTHA, he was going to administer plaintiff some
Tylenol and release her for custody. The doctor never checked plaintiff's arm or wrist for x-ray
or back or neck. Plaintiff was then released still with blood pressure of plaintiff is informed and
believes of 161/99 and a heart rate of 115. Plaintiff asked the nurse on duty if the doctor could
come back and give her something for the muscle spasms that she was having in her back and
neck and right hand, and the nurse said no. Deputy MARTHA put her back in his car and said,
"You should be happy now that you got what you wanted." Plaintiff replied "How did I get
what I wanted?" He said, "You wanted that pill the doctor gave you." Plaintiff replied, "No, I
didn't want a pill, I shouldn't have been in this situation." He responded, "Well you need to
mind your own business, and it doesn't matter, you're going to jail, so just sit back and be
quiet." Defendant MARTHA continued to drive recklessly back to Hackett jail (Safety Center).
He appeared mad at plaintiff for telling the doctor all about his unit and what had happened.
Defendant MARTHA told plaintiff repeatedly that she was a liar and was only trying to get
attention.

22. Paula Tillman went in for booking and defendant MARTHA, who drove her there,
returned and took pictures of her, turning her injured arm and hand very hard. Plaintiff wanted

to know if he had the right to be twisting her arm and being mean to her for no reason. His battery went dead in his camera so he left.

23. Finally, in the early hours on 11/11/15, between plaintiff believes between approximately 1:00 am and 1:30 am, Plaintiff was released on her own recognizance from the Safety Center and had to call her mother, to come all the way out to the Safety Center off Hackett, to take her all the way back home to Riverbank.

24. As a result of defendants' intentional assault and battery, and other wrongful conduct, and subsequent acts of retaliation by defendant DARWIN HATFIELD after the County of Stanislaus was served with the claim, plaintiff suffered physical injury to her right hand, injury left hand and left little finger where her acrylic nail had been broken off, headaches, and exacerbation of the pain in her neck and back, and severe emotional distress, including but not limited to, humiliation, nightmares, anxiety, and loss of sleep.

**LEE TILLMAN**

25. Lee Tillman was also a witness to the motor vehicle accident which occurred on 11/10/15, as alleged above, and was present while he and his wife Paula Tillman, and Jamani Prince were waiting for the officer, Deputy HATFIELD, to take their statements. He witnessed his wife go up to Deputy HATFIELD to let him know she would need to leave to pick up their daughter. Lee Tillman heard Deputy HATFIELD yell at his wife to "stay right there!" while pointing to an area a few feet away.

26. Lee Tillman observed his wife step away as instructed. He witnessed her then step into the street near the curb so she could watch their daughter Jamani Prince, cross back with his wife's purse and phone. Because of a vehicle blocking her view, she took a step and leaned out to see her daughter, Jamani, as she crossed the street. It was already dark.

27. Lee Tillman then observed Deputy HATFIELD rush at Paula Tillman, grabbing her arms, roughly pulling them behind her back, stating "Now you're going to listen to me, and

you're going to jail."  Lee Tillman asked him what is she being arrested for, and he replied, "Interfering with an investigation."  Lee Tillman then saw Deputy HATFIELD trying to push his wife into the small back seat of his vehicle, which his wife was having a difficult time fitting into. In the process Lee Tillman saw Deputy HATFIELD spit a lougie at her feet, which landed right next to her foot.  Their fourteen year-old daughter, Jamani, was also present and saw all of this going on. Then for hours Paula Tillman was gone and Lee Tillman kept being told she was at different places.

28.  Paula Tillman was gone for hours and Lee Tillman and his mother-in-law were repeatedly told she was in different places.  His mother-in-law came to Riverbank, but Paula Tillman was not at the Riverbank Sheriff's Department. Lee Tillman was then told she was at Hackett so he went there.  When he arrived at the Safety Center off Hackett, they were told Paula Tillman wasn't there, and she was at DMC.  When Lee Tillman called DMC they said she had already left.  Then the officer at Hackett told Lee Tillman that the officer took Paula Tillman back home to Riverbank.  They then went back to his mother-in-law's residence, and continued to call the Safety Center to try and locate Paula Tillman, until they were able to confirm that Paula Tillman was back at the Safety Center on Hackett.  Lee Tillman learned they were not done with the booking process for them to be able to leave with her until around 1:00 AM or so.

29.  As a result of the conduct of defendants alleged herein, which Lee Tillman witnessed being done to his wife and daughter, and experienced, Lee Tillman suffered injuries and damages, including but not limited to: anxiety, loss of sleep, nightmares, and headaches.

**JAMANI PRINCE**

30.  Jamani Prince was also a witness to a motor vehicle accident which occurred on 11/10/15, and the daughter of plaintiff Paula Tillman.  While waiting for the officer, Deputy HATFIELD, to take their statements, Jamani Prince witnessed her mother walk up to Deputy

9

HATFIELD to let him know she would need to leave to pick up Jamani's sister. She heard Deputy HATFIELD yell at her mother to "stay right there" pointing to an area a few feet away.

31. Jamani Prince observed her mother step away as instructed, and step into the street near the curb so she could see Jamani cross back with Paula Tillman's purse and phone so she could make a call to have someone else pick up Jamani's sister. It was already dark.

32. Jamani then saw Deputy HATFIELD run at her mom, grabbing her arms, yanking on them, pulling them behind her back, saying "Now you're going to listen to me, and you're going to jail." Jamani heard her dad ask defendant HATFIELD what is she being arrested for, and Deputy HATFIELD said, "Interfering with an investigation." Jamani then saw defendant HATFIELD trying to push her mother into the small back seat of his vehicle, which her mother was having a difficult time fitting into. In the process Jamani saw him hock a loogie at her feet, which landed right next to her foot.

33. Then after Deputy HATFIELD took Lee Tillman's statement, defendant HATFIELD hocked a loogie again, this time at Jamani's foot and it landed next to her foot and some of his saliva sprayed on her shoe and she had to clean it off.

34. Then for hours her mother was gone and Jamani kept being told she was at different places. Jamani was frantic until her mother arrived back home early the next morning.

35. The next day Jamani saw that her mother's right hand was all swollen and scratched up, and she was in pain.

36. As a result of the conduct of defendants alleged herein, which Jamani Price witnessed being done to her mother and experienced, Jamani Prince suffered injuries and damages, including but not limited to: offensive contact with her person when she was spit on by Defendant, Deputy HATFIELD, and anxiety, loss of sleep, nightmares, headaches, and ongoing fear of the police causing anxiety.

10

**ALL PLAINTIFFS**

37. Shortly after the incident on November 10, 2015, plaintiffs, who do not drink alcoholic beverages, found a beer can near their vehicle on the driveway.  This was after HATFIELD incorrectly reported that Paula Tillman had said she had drank four beers, when in fact Paula Tillman had explained to HATFIELD while he was roughly handling her, that she had recently been injured in a motor vehicle accident, struck by a drunk driver who had consumed four beers before the accident occurred.  After plaintiffs presented their claim to the County of Stanislaus on May 10, 2016, they experienced retaliation by defendant HATFIELD who lives nearby in their neighborhood, who suddenly started driving up and down their street on a regular basis, which he had not done before.  The retaliation includes, but is not limited to: their vehicle parked on the street received a citation, they were told to move another vehicle into their driveway, their dogs were being stirred up and they received a note from the Sheriff's Department that they needed to quiet their dogs down, when they never experienced any of these problems until the incident and the filing of their claim with the County of Stanislaus.

38. As a result of the conduct alleged herein plaintiffs have all suffered severe emotional distress, loss of sleep, anxiety, humiliation, disparate treatment, retaliation, and PAULA TILLMAN has suffered physical injury to her person.

39.    Plaintiffs have suffered severe, ongoing anxiety as a result of the Defendants' tortious, wrongful, conduct that violated plaintiffs' constitutionally protected rights, and has incurred economic harms and losses, and pain and suffering.

40.    At all material times and, alternatively, the actions and omissions of each defendant were negligent, and/or intentional, and/or wanton, and/or willful, and/or reckless, and/or callous, and/or malicious, outrageous, and/or deliberately indifferent to Plaintiffs' rights.

11

**FIRST CAUSE OF ACTION**

**--42 USC Sec. 1983 --**

**PAULA TILLMAN AGAINST COUNTY OF STANISLAUS, DARWIN HATFIELD,**

**INDIVIDUALLY AND HIS OFFICAL CAPACITY, MICHAEL MARTHA, INDIVIDUALLY**

**AND IN HIS OFFICAL CAPACITY, AND DOES 1-100**

41.    Plaintiffs reallege and incorporate by reference each and every allegation contained in Paragraphs 1 through 40 above, as though fully set forth herein.

42.    Plaintiffs claims damages under 42 U.S.C. Sec. 1983, for the injuries set forth above against defendants, DARWIN HATFIELD and MICHAEL MARTHA, and Does for violation of his constitutional rights under color of law.

43.    By the actions and omissions described above, Defendants, DARWIN HATFIELD and MICHAEL MARTHA and Does DOES, violated 42 USC Sec. 1983, depriving Plaintiff, Paula Tillman, of the following well- settled constitutional rights that are protected by the Fourth and Fourteenth Amendments to the U.S. Constitution:

j.    The right to be free from unreasonable searches and seizures, as secured by the Fourth and Fourteenth Amendments;

44.    The failure to intervene, prevent, or stop the Fourth Amendment violations on the part of any defendant Stanislaus County Sheriff Deputies and/or supervisors and employees of the Stanislaus County Safety Center that were in a position to do so when such violations occurred renders such Defendant(s) liable for these violations.

45.    Defendants' tortious filing of police reports and setting into motion the chain of events that proximately caused the wrongful detention, arrest, denial of medical treatment, and criminal charging of Plaintiff, Paula Tillman, contravened her constitutional rights

12

guaranteed by the Fourth and Fourteenth Amendments to the U.S. Constitution, for which Defendants are liable either directly or via their failure to intervene. As a result, Plaintiff Paula Tillman is entitled to damages pursuant to 42 U.S.C Sec.1983, et seq. in an amount to be proven at trial.

46.     The detention, arrest, and seizure of Plaintiff was a denial of: medical treatment, and access to medication, was done in violation of Plaintiff's constitutional rights guaranteed by the Fourth Amendment to the United States Constitution, for which Defendants are liable either directly or via their failure to intervene. As a result, Plaintiff, Paula Tillman, is entitled to damages pursuant to 42 U.S.C. Sec.1983, et seq. in an amount to be proven at trial.

47.     To the extent any SCSD supervisors, or supervisors of Stanislaus County Safety Center, or supervisors of , knew or had reason to know of Defendants and/or any other names or DOE officer's tortious conduct, as alleged above—or their propensity to engage in such conduct—such supervisors failed to prevent the unconstitutional acts of said Defendant or Defendants and failed to properly supervise, and train said defendants, thus rendering such supervisors and/or others liable directly and in their capacity as a supervisor.

48.     As a proximate result of the foregoing wrongful acts, Plaintiff, Paula Tillman, sustained injuries and damages, as alleged above. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

49.     In committing the acts alleged above, Defendants, including, but not limited to, Defendants who acted maliciously and/or were guilty of a wonton and reckless disregard or the rights, safety and emotional well-being of Plaintiff, Paula Tillman, and are sued herein in their official and individual capacities, and by reason thereof Plaintiffs are entitled to exemplary and punitive damages in an amount to be proven at trial.

WHEREFORE, plaintiffs request relief as set forth below.

13

**SECOND CAUSE OF ACTION**

**–42 USC Sec. 1983 and 1986 –**

**Unlawful Customs, Policies, Habits, or Procedures**

**ALL PLAINTIFFS AGAINST DEFENDANTS COUNTY OF STANISLAUS, DARWIN HATFIELD,**

**INDIVIDUALLY AND IN HIS OFFICAL CAPACITY, MICHAEL MARTHA,**

**INDIVIDUALLY AND IN HIS OFFICAL CAPACITY, AND DOES 1-100**

50.    Plaintiffs reallege and incorporate by reference each and every allegation contained in Paragraphs 1 through 49 above, as though fully set forth herein.

51.    Plaintiffs allege, upon information and belief, that the unconstitutional actions and/or omissions of the individually named SCSD Defendants herein, DARWIN HATFIELD and MICHAEL MARTHA, were pursuant to the following customs, policies, practices, and/or procedures of the SCSD, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policy making officials for the COUNTY OF STANISLAUS, and/or the SCSD:

a.    Failure to supervise and/or discipline officers for misconduct that results in the violation of citizens' civil rights; and/or,

b.    Failing to institute, maintain, or effectively administer an appropriate training regimen on subjects such as conducting reasonable, adequate, and thorough investigations before invoking the awesome power of arrest and seizure.

52.    In the alternative, upon information and belief, Defendant COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT may have instituted policies or training addressing some or all of the topics listed above, but have, either through negligence or deliberate indifference to citizen's rights, failed to properly carry out such policies and/or training.

14

53.     The customs, policies, practices, and/or procedures of the SCSD were a moving force and/or a proximate cause of the deprivations of Plaintiff's constitutional rights, in violation of 42 USC Sec. 1983, as more fully set forth above.

54.     As a proximate result of the foregoing customs, policies, practices, and/or procedures of the SCSD, Plaintiffs sustained injuries and damages, alleged above. Plaintiffs are, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

WHEREFORE, plaintiffs request relief as set forth below.

### THIRD CAUSE OF ACTION

### --42 USC Sec. 1985 --

### PAULA TILLMAN AGAINST COUNTY OF STANISLAUS, DARWIN HATFIELD, INDIVIDUALLY AND IN HIS OFFICAL CAPACITY, MICHAEL MARTHA, INDIVIDUALLY AND IN HIS OFFICAL CAPACITY, AND DOES 1-100

55.     Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 54 above, as though fully set forth herein.

56.     Defendants, DARWIN HATFIELD and MICHAEL MARTHA, and Does, conspired to deprive plaintiff, Paula Tillman, of her constitutional rights, acting under color of law, including also conspiring to cover up the numerous violations of plaintiff's rights, including use of excessive force, arresting and booking plaintiff under false, meritless charges against plaintiff, and retaliating against her.

57.     As a proximate result of the foregoing wrongful acts, Plaintiff, Paula Tillman, sustained injuries and damages, as alleged above. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

15

58.     In committing the acts alleged above, Defendants, including, but not limited to, Defendants who acted maliciously and/or were guilty of a wonton and reckless disregard or the rights, safety and emotional well-being of Plaintiff, Paula Tillman, and are sued herein in their official and individual capacities, and by reason thereof Plaintiffs are entitled to exemplary and punitive damages in an amount to be proven at trial.

WHEREFORE, plaintiffs request relief as set forth below.

## FOURTH CAUSE OF ACTION

## --Cal. Const., Art. I, Sec. 13 --

## PAULA TILLMAN AGAINST COUNTY OF STANISLAUS, DARWIN HATFIELD, INDIVIDUALLY AND IN HIS OFFICAL CAPACITY, MICHAEL MARTHA, INDIVIDUALLY AND IN HIS OFFICAL CAPACITY, AND DOES 1-100 AND DOES

59.     Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 58 above, as though fully set forth herein.

60.     The unreasonable detention, arrest, seizure, and tortuous invocation by Defendants of the criminal process against Plaintiff, Paula Tillman, violated her rights under the California Constitution, Article I, Sec. 13, thereby entitling Plaintiff, Paula Tillman, to damages for this violation.

61.     As a proximate result of the foregoing wrongful acts, Plaintiff, Paula Tillman, sustained injuries and damages, as set forth above.

62.     Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

63.     In committing the acts alleged above, Defendants acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, safety and emotional well-being of

16

Plaintiff, and by reason thereof Plaintiffs are entitled to exemplary and punitive damages in an amount to be proven at trial.

WHEREFORE, plaintiffs request relief as set forth below.

### FIFTH CAUSE OF ACTION

### ---Cal. Civ. Code Sec. 52.1 (b)---

### State Civil Rights Violations

### ALL PLAINTIFFS AGAINST COUNTY OF STANISLAUS, DARWIN HATFIELD, INDIVIDUALLY AND INHIS OFFICAL CAPACITY, MICHAEL MARTHA, INDIVIDUALLY AND IN HIS OFFICALCAPACITY, AND DOES 1 to 100

64.     Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 63 above, as though fully set forth herein.

65.     By the actions and omissions described above, Defendants, DARWIN HATFIELD AND MICHAEL MARTHA, and Does, violated Plaintiff's state and federal rights through intimidation, and/or coercion, thereby entitling Plaintiffs to sue for damages under California Civil Code Sec. 52.1, subdivision (b).

66.     The violations included depriving Plaintiff of the following well-settled constitutional rights that are protected by the Fourth, Thirteenth, and Fourteenth Amendments to the U.S. Constitution:

a.     The right to be free from unreasonable searches and seizures, as secured by the Fourth and Fourteenth Amendments;

b.     The right to be free from unreasonable searches and seizures, as secured by the California Constitution, Article I, section13;

c.     The right to protection from bodily restraint, harm or personal insult, as secured by California Civil Code Sec. 43; and,

17

67.     As a proximate result of the foregoing wrongful acts, Plaintiff sustained injuries and damages, as set forth above. Plaintiffs are, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

68.     In committing the acts alleged above, Defendants, including, but not limited to, Defendants DARWIN HATFIELD AND MICHAEL MARTHA and Does, acted maliciously and/or were guilty of wanton and reckless disregard for the rights, safety, and physical and emotional well-being of Plaintiff, and by reason thereof Plaintiffs are entitled to exemplary and punitive damages in an amount to be proven at trial.

WHEREFORE, plaintiffs request relief as set forth below.

**SIXTH CAUSE OF ACTION**

**--ASSAULT--**

**PAULA TILLMAN AND JAMANI PRINCE AGAINST COUNTY OF STANISLAUS, DARWIN HATFIELD, INDIVIDUALLY AND IN HIS OFFICAL CAPACITY, MICHAEL MARTHA, INDIVIDUALLY AND IN HIS OFFICALCAPACITY, AND DOES 1 to 100**

69. Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 68 above, as though fully set forth herein.

70. Plaintiffs Paula Tillman and Jamani Prince were placed in apprehension of an offensive and harmful contact by defendant, HATFIELD.  Additionally, for Paula Tillman, also by MICHAERL MARTHA.

71. Paula Tillman alleges this included HATFIELD running up to her, roughly pulling her arms behind her back and handcuffing her, squeezing her hand so hard he ruptured the blood vessels in her hand, trying to push her into the backseat of the squad car which was not large

18

enough for Paula Tillman to fit, spitting at her which sprayed saliva on her, denying her medical treatment when her blood pressure was high, and having her be driven back and forth from Riverbank to the Safety Center on Hackett, despite the Safety Center officer on duty stating this was merely a citable offense, and his abusive language.  With regard to MICHAEL MARTHA, Paula Tillman alleges this included his erratic, reckless driving, causing plaintiff to strike various parts of the interior of the vehicle with her body, fear of being in an accident, and fear of further injury as MICHAEL MARTHA roughly grabbed and turned her hand and wrist to take pictures at the Safety Center, and from his verbally abusive language, and refusal to identify himself.

72. Jamani Prince alleges this included HATFIELD spitting at her which caused his saliva to land on her shoe, which she had to wipe off.

73. As a direct and proximate result of the wanton, willful, and malicious conduct of defendants alleged herein, plaintiffs suffered injuries and damages as alleged above.

WHEREFORE, plaintiffs request relief as set forth below.

## SEVENTH CAUSE OF ACTION

## —BATTERY—

**PAULA TILLMAN AND JAMANI PRINCE AGAINST COUNTY OF STANISLAUS, DARWIN HATFIELD, INDIVIDUALLY AND IN HIS OFFICAL CAPACITY, MICHAEL MARTHA, INDIVIDUALLY AND IN HIS OFFICALCAPACITY, AND DOES 1 to 100**

74. Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 73 above, as though fully set forth herein.

19

75.     Defendants DARWIN HATFIELD and MICHAEL MARTHA, AND DOES battered plaintiff Paula Tillman by using excessive force, intentionally and offensively contacting Plaintiff's body when defendants grabbed and twisted plaintiff's hand and arms, all despite her telling HATFIELD and MARTHA that she had been recently injured in a hit and run motor vehicle accident involving a drunk driver, HATFIELD continuing to put unnecessary pressure on plaintiff's hand, breaking her blood vessels, and handcuffed plaintiff, placing the handcuffs on plaintiff's wrists too tightly.  Spitting a loogie causing HATFIELD's saliva to spray onto Paula Tillman.   MARTHA driving recklessly causing plaintiff Paula Tillman to strike her body on various parts of the interior of the squad car, and roughly grabbing and twisting her hand and arm to take photographs.

76. Defendant HATFIELD battered Jamani Prince in spitting a loogie at her that caused his saliva to land on her shoe.

77. As a direct cause of defendants' conduct plaintiffs suffered injuries as alleged above.

WHEREFORE, plaintiffs request relief as set forth below.

## EIGHTH CAUSE OF ACTION

## --NEGLIGENCE--

## 42 USC Sec 1983 and 1986

## ALL PLAINTIFFS AGAINST COUNTY OF STANISLAUS, DARWIN HATFIELD, INDIVIDUALLY AND INHIS OFFICAL CAPACITY, MICHAEL MARTHA, INDIVIDUALLY AND IN HIS OFFICALCAPACITY, AND DOES 1 to 100

78.     Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 77 above, as though fully set forth herein.

20

79.     Defendants acted negligently and breached their duty of due care owed to Plaintiffs, which foreseeably resulted in the suffering of damages by Plaintiffs.

80.     Defendants are liable under California Government Code Sec. 815.2 for injury proximately caused by an act or omission of an employee, committed within the course and scope of the employees' employment.

81.     As a proximate result of Defendants' wrongful or tortious acts, Plaintiffs sustained injuries and damages, as alleged above. Plaintiffs are, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

WHEREFORE, plaintiffs request relief as set forth below.

**NINTH CAUSE OF ACTION**

**--FALSE ARREST—**

**42 USC Sec. 1983 – Fourth Amendment**

**PAULA TILLMAN AGAINST COUNTY OF STANISLAUS, DARWIN HATFIELD, INDIVIDUALLY AND INHIS OFFICAL CAPACITY, MICHAEL MARTHA, INDIVIDUALLY AND IN HIS OFFICALCAPACITY, AND DOES 1 to 100**

82.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 81 above, as though fully set forth herein.

83.     By the acts of Defendants, AGAINST DEFENDANT PUBLIC ENTITIES AND DARWIN HATFIELD AND MICHAEL MARTHA, Does 1-100, and others, alleged herein, Plaintiff Paula Tillman was falsely arrested, thereby entitling Plaintiff to damages pursuant to California and federal law.

21

84. The aiding and abetting and/or failure to intervene and/or failure to prevent this arrest gives rise to liability on the part of the other individually Defendants.

85. Defendant COUNTY OF STANISLAUS, is liable under California Government Code Sec. 815.2 for injury proximately caused by an act or omission of an employee, committed within the course and scope of the employees' employment.

86. As a proximate result of the foregoing wrongful acts, Plaintiff sustained injuries and damages, as alleged above. Plaintiffs are, therefore, entitled to general and compensatory damages in an amount to be proven at trial, as well as punitive damages against Defendants in their individual capacities.

WHEREFORE, plaintiffs request relief as set forth below.

**TENTH CAUSE OF ACTION**

**--FALSE IMPRISONMENT—**

**42 USC Sec. 1983 – Fourth Amendment**

**PAULA TILLMAN AGAINST COUNTY OF STANISLAUS, DARWIN HATFIELD, INDIVIDUALLY AND INHIS OFFICAL CAPACITY, MICHAEL MARTHA, INDIVIDUALLY AND IN HIS OFFICALCAPACITY, AND DOES 1 to 100**

87. Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 86 above, as though fully set forth herein.

88. Defendants, DEFENDANTS DARWIN HATFIELD AND MICHAEL MARTHA AND DOES falsely imprisoned plaintiff by unlawfully detaining and arresting plaintiff against his will. Said defendants had no reason to detain, search and arrest plaintiff because said defendants did not reasonably believe that plaintiff had committed an offense.  Defendants Does participated in the unlawful detention.

22

89.     By the acts of Defendants, and others, alleged herein, Plaintiff was falsely imprisoned, thereby entitling Plaintiff to damages pursuant to California law.

90.     The aiding and abetting and/or failure to intervene and/or failure to prevent this arrest act gives rise to liability on the part of the other individually named Defendants.

91.     Defendant COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT is liable under California Government Code Sec. 815.2 for injury proximately caused by an act or omission of an employee, committed within the course and scope of the employees' employment.

92.     As a proximate result of the foregoing wrongful acts, Plaintiff sustained injuries and damages, as alleged above. Plaintiff, Paula Tillman, is entitled to general and compensatory damages in an amount to be proven at trial, as well as punitive damages against Defendants in their individual capacities.

WHEREFORE, plaintiffs request relief as set forth below.

### ELEVENTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### ALL PLAINTIFFS AGAINST COUNTY OF STANISLAUS, DARWIN HATFIELD, INDIVIDUALLY

### AND IN HIS OFFICAL CAPACITY, MICHAEL MARTHA, INDIVIDUALLY

### AND IN HIS OFFICALCAPACITY, AND DOES 1 to 100

93.     Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 92 above, as though fully set forth herein.

94.     Defendants intentionally performed acts that resulted in the infliction of emotional distress upon Plaintiffs. The Defendants' tortious conduct resulted in Plaintiffs

23

suffering severe emotional distress with attendant physical manifestations, thereby entitling Plaintiffs to damages pursuant to California law.

95.    Defendants are liable under California Government Code Sec. 815.2 for injury proximately caused by an act or omission of an employee, committed within the course and scope of the employees' employment.

96.    As a proximate result of Defendants' wrongful acts, Plaintiffs sustained injuries and damages, as alleged, above. Plaintiffs are, therefore, entitled to general and compensatory damages in an amount to be proven at trial, as well as punitive damages against Defendants in their individual capacities.

WHEREFORE, plaintiffs request relief as set forth below.

**TWELVTH CAUSE OF ACTION**

**--NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS--**

**LEE TILLMAN AND JAMANI PRINCE AGAINST COUNTY OF STANISLAUS, DARWIN HATFIELD, INDIVIDUALLY AND IN HIS OFFICAL CAPACITY, MICHAEL MARTHA, INDIVIDUALLY AND IN HIS OFFICALCAPACITY, AND DOES 1 to 100**

97.    Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 96 above, as though fully set forth herein.

98.    Defendants negligently acted or omitted to act in a manner that foreseeably resulted in the infliction of emotional distress upon Plaintiff. The Defendants' tortious conduct resulted in Plaintiff suffering severe emotional distress with attendant physical manifestations, thereby entitling Plaintiff to damages pursuant to California law.

99. Plaintiffs Lee Tillman and Jamani Prnce witnessed the assault and battery inflicted upon plaintiff Paula Tillman, and Lee Tillman witnessed the battery inflicted upon his daughter Jamani Prince.

24

100. Defendants are liable under California Government Code Sec. 815.2 for injury proximately caused by an act or omission of an employee, committed within the course and scope of the employees' employment.

101. As a proximate result of Defendants' wrongful acts, Plaintiffs Lee Tillman and Jamani Prince sustained injuries and damages, as alleged above. Plaintiffs are, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

WHEREFORE, plaintiffs request relief as set forth below.

### THIRTEENTH CAUSE OF ACTION

#### 42 USC Sec. 1983, 1985, 1986, and 1988
#### NEGLIGENT HIRING, SUPERVISION AND RETENTION

**ALL PLAINTIFFS AGAINST COUNTY OF STANISLAUS, DARWIN HATFIELD,**

**INDIVIDUALLY AND INHIS OFFICAL CAPACITY, MICHAEL MARTHA, INDIVIDUALLY**

**AND IN HIS OFFICALCAPACITY, AND DOES 1 to 100**

102. Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 101 above, as though fully set forth within.

103. Prior to November 10, 2015, the Stanislaus County Sheriff's Department developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the County of Stanislaus, which caused the violation of plaintiffs' rights.

104. It was the policy and / or custom of the Stanislaus County Sheriff's Department to fail to exercise reasonable care in hiring its police officers, including defendants DARWIN HATFIELD and MICHAEL MARTHA, and Does, there by failing to adequately prevent constitutional violations on the part of its officers/deputy sheriffs.

25

105.    It was the policy and/or custom of the Stanislaus County Sheriff's Department to inadequately supervise and train is police officers, including defendants, DARWIN HATFIELD AND MICHAEL MARTHA and Does, thereby failing to adequately discourage further constitutional violations on the part of its officers/deputy sheriffs.

106.    As result of the above-described policies and customs, officers and deputies of the Stanislaus County Sheriff's Department, including defendants DARWIN HATFIELD AND MICHAEL MARTHA and Does, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

107.    The above-described policies and customs demonstrate a deliberate indifference on the part of the County of Stanislaus to the constitutional rights of persons within the County of Stanislaus, and were the cause of the violations of plaintiffs' rights alleged herein.

108.    Plaintiffs allege that Defendants negligently hired, and/or supervised, and/or retained the employees involved in the arrest and detention of plaintiff, and/or others; said unfitness and/or incompetence harmed Plaintiffs; and, the Defendants' negligence in hiring, and/or supervising, and/or retaining said employees, and/or others was a substantial factor in causing Plaintiffs' harm.

109.    As a proximate result of Defendants' wrongful acts, Plaintiff sustained injuries and damages, as alleged above. Plaintiffs are, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

WHEREFORE, plaintiffs request relief as set forth below.

///

///

///

26

FOURTEENTH CAUSE OF ACTION

--ABUSE OF PROCESS--

42 USC Sec. 1983, 1985, 1986 and 1988

4th and 14th Amendment

PAULA TILLMAN AGAINST COUNTY OF STANISLAUS, DARWIN HATFIELD, INDIVIDUALLY

AND IN HIS OFFICAL CAPACITY, MICHAEL MARTHA, INDIVIDUALLY

AND IN HIS OFFICALCAPACITY, AND DOES 1 to 100

110.    Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 109 above, as though fully set forth within.

111.    Plaintiff Paula Tillman alleges that Defendants conspired to, and did maliciously, and without probable cause, file a criminal complaint against plaintiff for the improper purpose of harassing, humiliating, discriminating against, defaming, and destroying the reputation of plaintiff, and to cover up the use of excessive force in arresting plaintiff, and other constitutional violations, to keep plaintiff from bringing a civil rights action.

112.    As a direct result of Defendants' wrongful acts, Plaintiff sustained injuries and damages, as alleged above. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial, attorney's fees and costs, pursuant to 42 USC 1983, 1985, 1986 and 1988, as well as punitive damages against Defendants in their individual capacities.

WHEREFORE, plaintiffs request relief as set forth below.

///

///

///

27

**FIFTEENTH CAUSE OF ACTION**

**RETALIATION**

**ALL PLAINTIFFS AGAINST COUNTY OF STANISLAUS, DARWIN HATFIELD,**

**INDIVIDUALLY AND INHIS OFFICAL CAPACITY, MICHAEL MARTHA, INDIVIDUALLY**

**AND IN HIS OFFICALCAPACITY, AND DOES 1 to 100**

113.  Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 112 above, as though fully set forth within.

114.  Shortly after the incident on November 10, 2015, and after plaintiffs filed their claim with the County of Stanislaus they began to experience retaliation as alleged in paragraph 37 above, and incorporated herein by reference.

115.  As a direct and proximate result of the conduct of defendant DARWIN HATFILED and Does, to harass and retaliate against plaintiffs, plaintiffs suffered injuries and damages as alleged above.

WHEREFORE, plaintiffs seek relief as set forth below.

**SIXTEENTH CAUSE OF ACTION**

**DISCRIMINATION BASED ON RACE**

**Title VI of the Civil Rights Act of 1964**

**42 USC Section 1983**

**Gov't Code Sections 815.2, 815.6 and 820**

**ALL PLAINTIFFS AGAINST ALL DEFENDANTS, INCLUDING DOES 1 to 100**

116. Plaintiffs incorporate by reference each and every allegation set forth in Paragraphs 1-115, inclusive.

28

117. Plaintiffs are informed and believe that defendant COUNTY OF STANISLAUS receives federal funds pursuant to programs financed by the United States government. Plaintiffs are ball African American.  Plaintiffs are intended beneficiaries of this Act.

118. Plaintiffs allege that defendants, and each of them, wrongfully aided, participated in, and encouraged the verbal and physical abuse of plaintiffs, by defendant deputy sheriff's of the SCSD, defendants DARWIN HATFIELD and MICHAEL MARTHA, and Does 1 to 100, and harassed and physically abused and assaulted plaintiffs without justification, as alleged above and incorporated herein, because of Plaintiffs' racial background, all resulting in damage to Plaintiffs as set forth herein, who pray for relief as also set forth hereinafter, in an amount in excess of the minimum jurisdiction of this Court.

119. Plaintiffs, are informed and believe, and thereon allege, that but for the fact that they are African American, defendants HATFIELD and MARTHA would not have treated them as they did, as alleged above, treating Paul Tillman different than the other witnesses to the accident, assaulting and battering plaintiffs Paula Tillman and Jamani Prince.

120. Defendants actions and omissions, as alleged above, violate Title VI of the Civil Rights Act of 1964 (42 United States Code sections 2000d et seq.), and 42 U.S.C. Section 1983, and were with malicious and reckless disregard for plaintiffs' rights. All of the above acts undertaken by Defendants directly and proximately caused physical injury to plaintiff, DESSERAY, severe emotional distress to Plaintiffs, injury to reputation, loss of time from school, all in a sum according to proof, in an amount in excess of the minimum jurisdiction of this Court.

121. Plaintiffs are informed and believe, and thereon allege, that the misconduct of defendants, carried out by deputy sheriffs, HATFIELD and MARTHA, was willful, wanton, malicious, and oppressive, and done with conscious disregard for Plaintiffs' rights; with the intent, design, and purpose of injuring Plaintiffs.  By reason hereof, Plaintiffs are entitled to punitive or exemplary damages from all individual defendants in a sum approximate to punish

29

those defendants for their wrongful misconduct and set an example for other, according to proof at trial.

WHEREFORE, plaintiffs request relief as set forth below.

### SEVENTEENTH CAUSE OF ACTION

### RESPONDEAT SUPERIOR OF COUNTY OF STANISLAUS

### AGAINST COUNTY OF STANISLAUS

122.    Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 121 above, as though fully set forth within.

123.    Defendant COUNTY OF STANISLAUS is liable for the assault, battery, false arrest, false imprisonment, intentional and negligent infliction of emotional distress, abuse of process, and the violations of plaintiffs' constitutional rights, under the laws of the United States and the State of California, alleged in the above causes of action, while acting in the scope of their employment.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief against each and every Defendant herein, jointly and severally:

1.    Enter a judgment in favor of Plaintiffs;

2.    Enter an order declaring the conduct of defendants DARWIN HATFIELD, and MICHAEL MARTHA unconstitutional;

3.    Compensatory damages in an amount according to proof, which is fair, just, and reasonable;

4.    General damages in an amount according to proof, which is fair, just, and reasonable;

5.    Special damages in an amount according to proof, which is fair, just, and reasonable;

30

6.      Exemplary and punitive damages under 42 USC Sections1983, 1985, 1986, 1988, under California law, and under any other applicable provisions of law, in an amount according to proof and which is fair, just, and reasonable;

7.      For attorney's fees and costs under 42 USC Sections1988, California law, and under any other applicable provisions of law;

8.      For attorney's fees and costs of suit herein incurred under Civil Code Sections 52(b)(3) and 52.1(h), and under California Code of Civil Procedure Sec.1021.5;

9.      Enter a permanent injunction, upon proper motion, requiring defendant COUNTY OF STANISLAUS to adopt appropriate policies related to the hiring and supervision of its police officers;

10.      For all other damages, penalties, costs, interest and attorney fees as otherwise may be allowed by California and/or federal law; and,

11.      For such other and further relief as the Court deems just and proper, including but not limited to, appropriate injunctive relief.


**REQUEST FOR JURY TRIAL**

Plaintiffs hereby request a jury trial.


Dated: December 2, 2016          LAW OFFICE OF KATHLEEN CRIST

KATHLEEN CRIST Attorneys for Plaintiffs

31

Exhibit B

1   **DAN FARRAR**
    Attorney at Law
2     SBN 155217
     P.O. Box 3382
3   Turlock CA 95381-3382
   Telephone (209)634-5500
4   Facsimile (209)634-5556

5   Attorney for Defendant
   County of Stanislaus
6   (including the Stanislaus County
   Sheriff's Department)
7

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                COUNTY OF STANISLAUS

10

| | |
|---|---|
| Paula Tillman, Lee Tillman and Jamani Prince, by and through her Guardian ad Litem, Paula Tillman, | CASE NO:  2022789 |
|            Plaintiff, | Notice of Removal |
|    v. | |
| County of Stanislaus, et al, | |
|            Defendants. | |

16       Defendant County of Stanislaus (including the Stanislaus County Sheriff's Department)

17   hereby gives notice it is removing this action to Federal Court.  A copy of the Notice of Removal,

18   sans exhibits, is attached hereto as exhibit A.

19

20   Date:   June 21, 2018

21

22

23                    Dan Farrar
                    Attorney for Defendant
                    County of Stanislaus

24

25

26

27

28

# EXHIBIT A

1

**DAN FARRAR**
Attorney at Law
SBN 155217

2

P.O. Box 3382

3

Turlock CA 95381-3382
Telephone (209)634-5500

4

Facsimile (209)634-5556

5

Attorney for Defendant
County of Stanislaus

6

(including the Stanislaus County
Sheriff's Department)

7

8

## IN THE UNITED STATES DISTRICT COURT

9

### EASTERN DISTRICT OF CALIFORNIA

10

11

Paula Tillman, Lee Tillman and Jamani
Prince, by and through her Guardian ad
Litem, Paula Tillman,               Plaintiff,

12

13

              v.

14

County of Stanislaus, et al,

15

              Defendants.

No.

Notice of Removal of Action
Under 28 U.s.c. § 1441(b) (Federal
Question)

[Stanislaus County Superior Court Case
No. 2022789]

16

17

TO CLERK OF THE ABOVE ENTITLED COURT:

18

PLEASE TAKE NOTICE THAT Defendant County of Stanislaus (including the Stanislaus

19

County Sheriff's Department) removes to this Court the state court action described below:

20

1. On December 2, 2016, a complaint was filed in the Stanislaus County Superior Court,

21

entitled *Tillman, et al v. County of Stanislaus, et al*, case number, 2022789, a copy of which is

22

attached as Exhibit A.

23

2. The County of Stanislaus (including the Stanislaus County Sheriff's Department) was served

24

with the complaint on May 24, 2018.

25

3. Defendant Darwin Hatfield is a peace officer employed by the Stanislaus County Sheriff's

26

Office. As of the date of this notice, he has not been served with the summons and complaint.

27

This was confirmed with plaintiffs' counsel on June 21, 2018. Once served, he will be

28

represented in this action by Dan Farrar.

Notice of Removal of Action

1

4. Defendant Michael Martha was a peace officer employed by the Stanislaus County Sheriff's Office until mid-2016. Marsha has not been served with the summons and complaint. This was confirmed with plaintiffs' counsel on June 21, 2018. Once served, he will probably be represented in this action by Dan Farrar.

5. The complaint contains 17 "causes of action" stemming from interaction between the plaintiffs and the individual defendants, acting in their capacity as peace officers. Seven of the causes of action assert Constitutional claims under 42 U.S.C. § 1983.

6.     This is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b) in that it arises under 42 U.S.C. § 1983. Venue is proper in the Eastern District of California under 28 U.S.C. § 1391 because the incidents at issue occurred in Stanislaus County, California.

7.     The Notice of Removal filed in State Court is attached hereto as Exhibit B.


Dated:  June 21, 2018                    /s/ Dan Farrar
                                         Dan Farrar
                                         Attorney for Defendant County of Stanislaus
                                         (including the Stanislaus County Sheriff's
                                         Department)

**PROOF OF SERVICE**

**Case Name:**   *Tillman, et al v. County of Stanislaus*, et al
**Case No.:**      2022789

My business address is  600 East Main Street, Suite 100, Turlock, California, 95380, where this service occurs.  I am a resident of or employed in the County of Stanislaus.  I am over the age of 18 years, and not a party to this action.

On the date set forth below, following ordinary business practice, I served a true copy of the following document(s):

Notice of Removal

___   (Facsimile) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

___   (Ordinary Course of Business) by placing the document(s) listed above in a sealed envelope addressed to the persons set forth below, or as stated on the attached service list, with postage thereon fully prepaid for first-class mail, for collection and mailing following ordinary business practices:  correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

___   (Personal Service) by placing the document(s) listed above in a sealed envelope and causing such envelopes to be delivered by hand this date to the offices of the address of the persons set forth below, or as stated on the attached service list.

___   (Overnight Delivery) by placing the document(s) listed above in a sealed envelope and causing such envelopes to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the persons on whom it is to be served.

Kathleen Crist, Esq.
Attorney at Law
2601 Oakdale Rd., Suite H2, #110
Modesto, CA 95355

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.   Executed in Turlock, California on June 22, 2018.

Susie Farrar

1

**PROOF OF SERVICE**

2     **Case Name:**   *Tillman, et al v. County of Stanislaus*, et al
      **Case No.:**

3

4     My business address is  600 East Main Street, Suite 100, Turlock, California, 95380, where this
      service occurs.  I am a resident of or employed in the County of Stanislaus.  I am over the age of
5     18 years, and not a party to this action.

6             On the date set forth below, following ordinary business practice, I served a true copy of
      the following document(s):
7
8                                          Notice of Removal of Action

9     ____  (Facsimile) by transmitting via facsimile the document(s) listed above to the fax
            number(s) set forth below, or as stated on the attached service list, on this date before
            5:00 p.m.
10
      ____  (Ordinary Course of Business) by placing the document(s) listed above in a sealed
11          envelope addressed to the persons set forth below, or as stated on the attached service list,
            with postage thereon fully prepaid for first-class mail, for collection and mailing
12          following ordinary business practices:  correspondence is deposited with the U.S. Postal
            Service the same day as the day of collection in the ordinary course of business.
13
      ____  (Personal Service) by placing the document(s) listed above in a sealed envelope and
14          causing such envelopes to be delivered by hand this date to the offices of the address of
            the persons set forth below, or as stated on the attached service list.
15
      ____  (Overnight Delivery) by placing the document(s) listed above in a sealed envelope and
16          causing such envelopes to be delivered to an overnight delivery carrier with delivery fees
            provided for, addressed to the persons on whom it is to be served.
17

18    Kathleen Crist, Esq.
19    Attorney at Law
      2601 Oakdale Rd., Suite H2, #110
20    Modesto, CA 95355

21

22            I declare under penalty of perjury under the laws of the State of California that the
      foregoing is true and correct.   Executed in Turlock, California on June 22, 2018.
23

24

25                                                                  Susie Farrar

26

27

28